IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WAYNE WALTER DAVISON,          :
                               :
        Petitioner.            :
                               :
vs.                            :          CIVIL ACTION 12-0038-WS-M
                               :
WARDEN CYNTHIA WHITE,          :
                               :
        Respondent.            :

REPORT AND RECOMMENDATION

     This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that the habeas petition be denied,
that this action be dismissed, and that judgment be entered in
favor of Respondent Warden Cynthia White and against Petitioner
Wayne Walter Davison.  It is further recommended that, should
Petitioner file a certificate of appealability, it be denied as
he is not entitled to appeal *in forma pauperis*.

     On May 14, 2008, Petitioner was convicted of attempted
possession of a controlled substance in the Baldwin County

1

Circuit Court for which he received a sentence of life in the state penitentiary as a habitual offender (Doc. 1, p. 2; *cf.* Doc. 7, p. 1).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 7, Exhibit E); that same Court overruled Petitioner's application for rehearing (Doc. 7, Exhibit G).  On December 11, 2009, the Alabama Supreme Court denied Davison's petition for *certiorari* and entered a certificate of judgment (Doc. 7, Exhibit H).

On March 24, 2010, Petitioner filed a State Rule 32 petition which was denied, without evidentiary hearing, on December 8, 2010 (Doc. 7, Exhibit I, pp. 7-18, 45-46; *see* Doc. 7, p. 3).  The Alabama Court of Criminal Appeals affirmed the Circuit Court's denial of the petition and overruled Petitioner's application for rehearing (Doc. 7, Exhibits L, M). On September 9, 2011, the Alabama Supreme Court denied Davison's petition for *certiorari* and issued a certificate of judgment (Doc. 7, Exhibit N).

On January 20, 2012, Petitioner filed a complaint with this Court, raising the following claims:  (1) His trial attorney rendered ineffective assistance; (2) his appellate attorney rendered ineffective assistance (two claims); and (3) the trial court was without jurisdiction to render judgment or impose a sentence against him (Doc. 1).

In her Answer, Respondent asserts that Petitioner has procedurally defaulted on his third claim raised in this Court because it was not timely brought in the State Courts (Doc. 7, pp. 5-6).  A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.

The evidence in this action demonstrates that the Alabama Court of Criminal Appeals, in the appeal of the denial of Davison's Rule 32 petition, held that Petitioner's third claim (that the trial court was without jurisdiction to render judgment or impose a sentence against him) was procedurally

3

defaulted because it was not raised before the Court after having been raised in the Court below (Doc. 7, Exhibit L, p. 2 n.1; *cf.* Doc. 7, Exhibit J, p. 17).  This clearly satisfies the requirement of *Harris*:  Davison's third claim in this Court is procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merit of those claims, as is the case here, all chance of federal review is not precluded.  The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental

miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise this claim in a timely manner in the State courts though he has been given the opportunity to do so (*see* Doc. 8).  Furthermore, Davison has not shown that this Court's failure to discuss the merit of this claim will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers the third claim to be procedurally defaulted and will not address its merit.

Petitioner's remaining claims assert the ineffectiveness of his attorneys.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

5

in the adversary process that renders the
result unreliable.

*Id*. at 687.  In *Evitts v. Lucey*, 469 U.S. 387 (1985), the United
States Supreme Court extended *Strickland* to the appellate level,
stating that "[a] first appeal as of right therefore is not
adjudicated in accord with due process of law if the appellant
does not have the effective assistance of an attorney."  *Id*. at
396.

Davison first claims that his trial attorney rendered
ineffective assistance in that he failed to object to
photographic evidence that was introduced at trial (Doc. 1, p.
8).  Petitioner's complaint stems from the assertion that the
photos, the only non-testamentary evidence provided at trial,
were visual representations of two cases of beer which Davison
allegedly used as trade for the drugs he had attempted to
purchase from undercover agents.  Petitioner contends that he
was not given the opportunity to perform any tests, *e.g.*,
fingerprints, to question the truth of the statements that he
brought this beer to facilitate the drug purchase.

According to the Alabama Court of Criminal Appeal's summary
of the evidence, in its opinion on direct appeal, a Daphne
Police Officer and a Foley Police Officer each testified that
they were part of a reverse sting operation where an officer

posed as a drug dealer to arrest people attempting to purchase drugs (Doc. 7, Exhibit E, pp. 1-3).  Both officers testified that Davison drove to where they had set up the sting, approached the "drug dealer" and offered to purchase forty dollars of crack cocaine for two cases of Bud Light; the beer was found in Petitioner's car after he had been arrested (*id.*). The Appellate Court found that this evidence was sufficient to sustain the conviction (Doc. 7, Exhibit E).  On the appeal of the denial of the State Rule 32 petition, the same Court held that even though fingerprint analysis had not been conducted, the photographs could be admitted into evidence (Doc. 7, Exhibit L, p. 4) (*citing* Ala.R.Evid. 901).

It is noted that, in evaluating habeas petitions, federal courts exercise only limited review of state evidentiary objections.  *Amadeo v. Kemp*, 816 F.2d 1502, 1504 (11th Cir. 1987), *rev'd on other grounds sub nom. Amadeo v. Zant*, 486 U.S. 214 (1988).  For a claim of this kind to be cognizable, the defendant must have been deprived of fundamental fairness. *Jameson v. Wainwright*, 719 F.2d 1125, 1127 (11th Cir. 1983) (per curiam), *cert. denied*, 466 U.S. 975 (1984).  To determine if fundamental fairness has been denied, a federal court decides whether the evidence is "material in the sense of a crucial, critical, highly significant factor."  *Hills v. Henderson*, 529

F.2d 397, 401 (5th Cir.),[1] *cert denied sub nom. Hills v. Maggio*, 429 U.S. 850 (1976).

In this action, the evidence shows that two different police officers testified that Davison attempted to purchase crack cocaine with two cases of beer.  The State Court allowed photos of the beer to be introduced into evidence under its evidentiary rules, a decision that this Court cannot say was fundamentally unfair to Petitioner.  Having made this determination, the Court finds that Davison has not demonstrated that his attorney was ineffective in failing to object to the admission of these photos; furthermore, Petitioner has not demonstrated how he was prejudiced in this matter.  This claim is of no merit.

Davison has also claimed that his appellate counsel rendered ineffective assistance in two different ways.  The first assertion is that the attorney failed to file a motion for a new trial, or seek review on direct appeal, of the requested—but denied—jury instruction on the lesser included offense of loitering (Doc. 1, p. 9).  As support for this claim, Petitioner references Ala. Code § 13A-11-9(a)(7) which states that "[a]

---

[1]The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

person commits the crime of loitering if he [l]oiters or remains
in any place with one or more persons for purpose of unlawfully
using or possessing a dangerous drug."   Davison goes on to
assert that there were several people, even though they were
police officers, hanging around the back porch of the house
where he was arrested and that even though "no one, even the
Defendant, would knowingly possess or attempt to possess any
illegal drug from, or when, police are present," the jury could
have believed that he was just loitering (Doc. 1, p. 9).

In its opinion affirming the denial of the Rule 32
petition, the Alabama Court of Criminal Appeals stated as
follows:

> It is well settled that
>
>> "'[a] person accused of the
>> greater offense has a right to have the
>> court charge on lesser included
>> offenses when there is a reasonable
>> theory from the evidence supporting
>> those lesser included offenses.'
>> MacEwan v. State, 701 So.2d 66, 69
>> (Ala. Crim. App. 1997).  An accused has
>> the right to have the jury charged on
>> '"any material hypothesis which the
>> evidence in his favor tends to
>> establish."'  Ex parte Stork, 475 So.2d
>> 623, 624 (Ala. 1985).  '[E]very accused
>> is entitled to have charges given,
>> which would not be misleading, which
>> correctly state the law of his case,
>> and which are supported by any
>> evidence, however [] weak,

9

insufficient, or doubtful in
credibility,' <u>Ex parte Chaver</u>, 361
So.2d 1106, 1107 (Ala. 1978), 'even if
the evidence supporting the charge is
offered by the State.'  <u>Ex parte Myers</u>,
699 So.2d 1285, 1290-91 (Ala. 1997),
cert. denied, 522 U.S. 1054, 118 S.Ct.
706, 139 L.Ed.2d 648 (1998).  However,
'[t]he court shall not charge the jury
with respect to an included offense
unless there is a rational basis for a
verdict convicting the defendant of the
included offense.'  § 13A-1-9(b), Ala.
Code 1975.  'The basis of a charge on a
lesser-included offense must be derived
from the evidence presented at trial
and cannot be based on speculation or
conjecture.'  <u>Broadnax v. State</u>, 825
So.2d 134, 200 (Ala. Crim. App. 2000),
aff'd, 825 So.2d 233 (Ala. 2001), cert.
denied, 536 U.S. 964, 122 S.Ct. 2675,
153 L.Ed.2d 847 (2002).  '"A court may
properly refuse to charge on a lesser
included offense only when (1) it is
clear to the judicial mind that there
is no evidence tending to bring the
offense within the definition of the
lesser offense, or (2) the requested
charge would have a tendency to mislead
or confuse the jury."'  <u>Williams v.
State</u>, 675 So.2d 537, 540-41 (Ala.
Crim. A pp. 1996), quoting <u>Anderson v.
State</u>, 507 So.2d 580, 582 (Ala. Crim.
App. 1987) [, rev'd other grounds, 907
So.2d 470 (Ala. Crim. App. 2004)]."

<u>Clark v. State</u>, 896 So.2d 584, 641 (Ala.
Crim. App. 2003).

(Doc. 1, Exhibit L, pp. 4-5).

     The Court first notes that the requested jury charge would
have been improper in light of the other evidence of record.

The Court further notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) (*quoting Tyree v. White*, 796 F.2d 390, 392-93 (11th Cir. 1986) (*citing Missouri v. Hunter*, 459 U.S. 359 (1983))).  The Alabama Court of Criminal Appeals, on direct appeal, reviewed Davison's claim that a jury instruction on loitering should have been given and found no state law violation, a decision not disagreed with by the Alabama Supreme Court (Doc. 1, Exhibits L, N).  The Court further notes that "a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved." *Beverly*, 854 F.2d at 416, *citing Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).  As the Appellate Courts found that the Trial Court's decision to not allow a jury charge on loitering was not improper, this Court finds that Davison's appellate counsel's failure to raise this claim on appeal was not ineffective assistance.

Petitioner has also claimed that his appellate attorney rendered ineffective assistance in that he failed to represent him throughout the entire appeal process.  More specifically, Davison asserts that his attorney quit representing him

following the Alabama Court of Criminal Appeals' decision affirming the conviction and sentence (Doc. 1, p. 10). Petitioner goes on to assert that his attorney should have pressed on with the insufficiency of the evidence claim to the Alabama Supreme Court and that he should have pursued ineffective assistance of counsel claims against his trial attorney (Doc. 1, pp. 10, 12-14).

The Court finds that Davison has not demonstrated any prejudice.  Davison admits in his petition that his attorney carefully warned him, in the letter informing him that he would no longer be representing him, that there were deadlines to be met in seeking rehearing of the Alabama Court of Criminal Appeals' denial and then petitioning for *certiorari* before the Alabama Supreme Court (Doc. 1, p. 10).  Furthermore, Petitioner had the opportunity to have his claims addressed by the Courts of Alabama even though he had to raise them himself; those claims were all found to be without merit.  As Davison was given every opportunity to seek redress of his asserted grievances, the Court finds that he has not demonstrated how he was prejudiced in his appellate attorney's failure to continue his appeal through the Supreme Court level; as such, he has not demonstrated that his attorney was ineffective in representing him.

12

Petitioner has raised four different claims in bringing this action.   Three are without merit; the fourth is procedurally defaulted.   Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Warden Cynthia White and against Petitioner Wayne Walter Davison.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.   28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").   The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.   28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Where a habeas petition is being denied on procedural grounds, "a COA should issue [only]

when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this action, Davison has raised three claims that are without merit and one that is procedurally defaulted.  With regard to the claim that is procedurally defaulted, the Court finds that a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Davison should be allowed to proceed further as Davison did not avail himself of opportunities available to him in the State Courts.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").  With regard to the three claims that are without merit, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  It is suggested that Davison will not be able to make that showing.

14

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge,

15

although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded).**
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 1st day of June, 2012.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

16